UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:12-cr-5-FtM-99SPC

KAREN S. HEBBLE
JEFFREY GREEN

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Joint Motion for a Severance of Trials (Doc. #131) filed on January 30, 2014. The Government's Response (Doc. #132) was filed on February 13, 2014. Defendants seek a severance of their trials, with defendant Green's trial to proceed first, in order for Green to testify at Hebble's trial, and in order to avoid Bruton[1] issues in his own trial.

A motion to sever is governed by Federal Rule of Criminal Procedure 14(a), which provides: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Eleventh Circuit summarized the applicable legal principles:

> In Zafiro v. United States, 506 U.S. 534, 113 S. Ct. 933, 122 L. Ed. 2d 317, the Supreme Court set forth a two-step

---

[1] Bruton v. United States, 391 U.S. 123 (1968).

test to determine "whether a defendant is entitled to a new trial due to a district court's refusal to sever prior to trial or to grant a mistrial once trial has commenced." United States v. Blankenship, 382 F.3d 1110, 1122 (11th Cir. 2004). A defendant must first demonstrate that the joint trial resulted in prejudice to him; and second, must show that severance is the proper remedy for that prejudice. Id. at 1122; see also Zafiro, 506 U.S. at 538-39, 113 S. Ct. at 938 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Under this test, "[t]here are only two circumstances in which severance is the only permissible remedy": where there is a serious risk that a joint trial (1) "would compromise a specific trial right of one of the defendants," or (2) would "prevent the jury from making a reliable judgment about guilt or innocence." Blankenship, 382 F.3d at 1122-23 (quoting Zafiro, 506 U.S. at 539, 113 S. Ct. at 938).

Browne claims that severance would have permitted him to call Devaney as a defense witness offering exculpatory testimony, whereas Devaney refused to testify in a joint trial. Therefore, Browne asserts that his motion for severance falls under the second category, which includes prejudice resulting "if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." Zafiro, 506 U.S. at 539, 113 S. Ct. at 938.

This circuit's framework for analyzing a motion to sever based on the desire to offer the exculpatory testimony of a co-defendant is well established. The defendant must first demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial." United States v. Cobb, 185 F.3d 1193, 1197 (11th Cir. 1999). Once the defendant makes that threshold showing, the court must then: "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." Baker, 432 F.3d at 1239.

United States v. Browne, 505 F.3d 1229, 1268-69 (11th Cir. 2007). Cases examining severance motions based on the need for a co-defendant's exculpatory testimony "have often looked hard at the substance of the affidavits proffered by the co-defendant who purportedly would testify in a separate trial." United States v. Novaton, 271 F.3d 968, 989 (11th Cir. 2001). Additionally, "statements concerning the testimony that would become available by severing trials must be specific and exonerative, rather than conclusory or self-serving, in order to justify severance." Id. at 990. Neither the motion nor the attached Affidavit satisfy these standards. Therefore the motion is denied as to this ground.

The Bruton issue is a little different. The government's summary of the interview with defendant Hebble, attached to defendants' motion, clearly shows Hebble making post-arrest incriminating statements about Green. While these statements will be admissible against Hebble, they would not be admissible against Green under Bruton and its progeny. The government suggests that redacting the statement will cure any Bruton concerns. This may be possible, although the resulting defendant statement will become largely gutted. For example, the government will have to remove all direct reference to Green, and all references which would suggest misconduct by a "pharmacy technician" which could include Green. This would apply to both sets of statements made by Hebble.

Accordingly, it is now

**ORDERED:**

Defendants' Joint Motion for a Severance of Trials (Doc. #131) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of February, 2014.

                                            JOHN E. STEELE
                                            UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record