```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.
                                    CASE NO: 2:12-cr-5-FtM-29CM

JEFFREY R. GREEN and
KAREN S. HEBBLE
_____

## OPINION AND ORDER

This matter comes before the Court on defendants' Joint Motion to Dismiss (Doc. #149) filed on March 18, 2014. The Government's Response (Doc. #156) was filed on March 24, 2014. Defendants assert that the Superseding Indictment (Doc. #89) should be dismissed because the government lost or destroyed material evidence which had been seized pursuant to two search warrants. On April 1, 2014, the Court heard testimony by defendant Karen S. Hebble, Task Force Agent Amber (Baginski) Derigo (hereinafter Agent Baginski), and Drug Enforcement Administration (DEA) agent James Arnold.

**I.**

On November 4, 2011, the DEA Task Force executed two federal search warrants on Gulf Coast Medical Pharmacy and Gulf Coast Infusion Center respectively, two pharmacy businesses operating at the same location. A law enforcement officer took a photograph

of the items in a file cabinet drawer in Ms. Hebble's office. (Defendants' Exhibit 1.) All parties agree this is an accurate overhead view of the contents of the file drawer as it existed prior to any items being removed by law enforcement officers.

Agent Baginski testified that she spoke with Ms. Hebble during the execution of the search warrants, and that Ms. Hebble explained the nature of the documents in this file drawer. Agent Baginski testified that she seized a number of white envelopes containing receipts and the central register receipts which had been rolled up and secured by rubber bands (referred to by Ms. Hebble as journal tapes), but did not seize the register records which were flat and secured by rubber bands (which Ms. Hebble referred to as cash register receipts), or a larger manila envelope containing tax documents, or any of the money in the file drawer. Ms. Hebble testified that agents took all the items from the file drawer except the money.

Defendants assert that government agents seized the flat cash register records secured by rubber bands, but the government has failed to produce these cash register receipts in discovery or for use at trial. Defendants argue that the government has therefore lost or destroyed these seized documents, in violation of their Fourteenth Amendment due process right.

**II.**

In California v. Trombetta, 467 U.S. 479 (1984), the Supreme Court addressed "the government's duty to take affirmative steps to preserve evidence on behalf of criminal defendants," 467 U.S. at 486, in connection with the preservation of breath samples of suspected drunk drivers. Reversing a California appellate court, the Supreme Court stated:

> Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality . . . evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

Trombetta, 457 U.S. at 488-89 (footnote and citation omitted).

Four years later, the Supreme Court distinguished a failure to disclose material evidence from a failure to preserve material evidence. In Arizona v. Youngblood, 488 U.S. 51 (1988), the Supreme Court stated:

> The Due Process Clause of the Fourteenth Amendment, as interpreted in Brady [v. Maryland, 373 U.S. 83 (1963)], makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.

Youngblood, 488 U.S. at 57. The Supreme Court noted that their "decisions in related areas have stressed the importance for constitutional purposes of good or bad faith on the part of the Government when the claim is based on loss of evidence attributable to the Government." Id. The Supreme Court therefore held "that unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Id. at 58.

The Eleventh Circuit has, of course, echoed these requirements, and applied them to the federal government. The government's loss of evidence is a denial of due process only when the defendant shows that the evidence was likely to significantly contribute to his defense. United States v. Lanzon, 639 F.3d 1293, 1300 (11th Cir. 2011); United States v. Revolorio-Ramo, 468 F.3d 771, 774 (11th Cir. 2006); United States v. Brown, 9 F.3d 907, 910 (11th Cir. 1993). Additionally, the defendant must show that the loss of evidence was a result of bad faith on the part of the government or police. Lanzon, 639 F.3d at 1300; United States v. Nabors, 707 F.2d 1294, 1297 (11th Cir. 1983).

### III.

The first issue is whether defendant has shown that the disputed evidence was seized by government agents. If not, there of course can be no viable claim of failure to preserve the evidence.

Ms. Hebble testified that the agents took everything in the file drawer except the money. Agent Baginski, on the other hand, testified that she took the white envelopes and the rolled-up register receipts, not the flat receipts. It is clear that Agent Baginski anticipated that cash register receipts may be discovered, since she had hand written "to further include cash register" receipts on the typed Attachment B to the two Search Warrants, (Government's Exhibits 4, 5), prior to signing by the magistrate judge. The problem, as defense counsel stated during oral arguments, is that there were two types of cash register receipts in the file drawer, the rolled-up version and the flat version. Agent Baginski testified that after a quick look of the voluminous flat receipts, she decided not to seize them based at least in part upon Ms. Hebble's description of what they were. Agent Baginski testified that this was consistent with the execution of the search warrants in general, where the agents left some computers and other equipment that fell within the literal scope of the search warrants. Agent Baginski testified that all the items she seized from this file drawer were placed in evidence container N-26. The Court examined N-26 in court, and found it contained the white envelopes and the rolled cash register receipts. Neither the Search Warrant Receipts, (Government Exhibits 4, 5), or the Case Inventory, (Government Exhibit 6), are specific enough to be helpful as to this issue. There was no

evidence to support defendants' allegation that an unidentified agent prepared a partial summary of these records, (Doc. #149, ¶ 15). The government proffered without contradiction that the document attached to defendants' motion was a document found on one of the seized computers, and was not created by any government agent. The Court finds that the evidence it finds credible establishes that neither Agent Baginski nor any government agent seized the flat register receipts. Therefore, the government has not failed to preserve evidence.

Even if the Court's credibility choice were to the contrary, the result would still be the same in this case. Defendants have not established the materiality requirement, i.e., that the flat register receipts possessed an exculpatory value that was apparent prior to destruction, or that defendants are unable to obtain comparable evidence by other reasonably available means. The testimony established that the contents of the "missing" documents may be useful to impeach some of the government's anticipated witnesses, but comparable evidence is available from records which defendants have always possessed or had access to. Additionally, there has been no evidence of bad faith by the government or any of its agents which resulted in the failure to preserve these receipts. No due process violation has been shown even if the flat register receipts were seized by the government.

Accordingly, it is hereby

**ORDERED:**

Defendants' Joint Motion to Dismiss (Doc. #149) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 3rd day of April, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record