```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                     CASE NO: 2:12-cr-5-FtM-29CM

KAREN S. HEBBLE and
JEFFREY R. GREEN
_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Joint Motion to Suppress Evidence (Doc. #136) filed on March 10, 2014. The Government's Response (Doc. #167) was filed on March 28, 2014. On April 1, 2014, the Court heard arguments from counsel as to whether an evidentiary hearing was necessary. For the reasons set forth below, the Court concludes that defendants have not shown an entitlement to an evidentiary hearing and that their motion to suppress should be denied.

### I.

On November 3, 2011, a Drug Enforcement Administration (DEA) Task Force agent Amber Baginski, now Amber Derigo (hereinafter Agent Baginski) was the affiant on two Affidavits for two federal search warrants for two pharmacies operating at the same location. The Affidavits for both search warrants are identical. The search warrants were executed the next day, and various items of evidence were seized. Defendants now seek to suppress all evidence seized pursuant to the search warrants, and all derivative evidence,

because the Affidavits contained material misrepresentations and omissions of fact which, if corrected, would result in an insufficient showing of probable cause. The government argues that there are no material misrepresentations or omissions, and even if the Affidavits are "corrected" as defendants suggest, that probable cause would still exist.

## II.

Under the Fourth Amendment, a search warrant must be supported by a sworn affidavit containing information which "is believed or appropriately accepted by the affiant as true." Franks v. Delaware, 438 U.S. 154, 165 (1978). Search warrants and their affidavits are presumptively valid. United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012). The Supreme Court has allowed defendants to challenge a presumptively valid affidavit when certain conditions are satisfied. As Franks stated:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Franks, 438 U.S. at 155-56.  See also United States v. Kapordelis, 569 F.3d 1291, 1309 (11th Cir. 2009).

If probable cause still exists once the misrepresentations are taken out of the warrant and the omissions are inserted, there is no need for a hearing and no Franks violation.  United States v. Capers, 708 F.3d 1286, 1296 (11th Cir. 2013); Lebowitz, 676 F.3d at 1010-11.  The required probable cause does not relate to a defendant's guilt.  Rather, "[p]robable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in a particular place." Lebowitz, 676 F.3d at 1010-11 (quoting Kapordelis, 569 F.3d at 1310).  The defendant bears the burden of demonstrating that the alleged misrepresentation or omission would have prevented a finding of probable cause.  Lebowitz, 676 F.2d at 1010; United States v. Gamory, 635 F.3d 480, 490 (11th Cir. 2011).

### III.

Defendants point to the three general areas which they assert contain either material misrepresentations or omissions or both: Information concerning Jason Bergin and his co-defendants; information concerning defendant Green's past cooperation; and information about a security detail hired for the pharmacy.  The Court addresses each category.

**A. Alleged Misrepresentations and Omissions**

  **(1)   Jason Bergin:**

The Affidavits contain one paragraph relating to Jason Bergin.  (Doc. #146-1, pp. 15-16.)  That paragraph states that in July 2010, after he was indicted, Bergin was interviewed by Agent Baginski and stated:  he and his co-defendants would manufacture fraudulent prescriptions for Oxycodone, Methadone, and Alprazolam from a physician from the east coast of Florida and bring them to Gulf Coast Medical Pharmacy (GCMP) to get filled; he and his co-defendants regularly passed fraudulent prescriptions for Oxycodone, Methadone, and Alprazolam at GCMP for several months in approximately 2009; that GCMP had no problem filling narcotic prescriptions for him and others involved in his Oxycodone trafficking organization even if the prescriptions were fraudulent, duplicate, or for extremely high amounts of narcotic medications.  Agent Baginski stated that Bergin was convicted on March 7, 2011, along with eleven co-defendants in a federal prosecution for conspiracy to possess with intent to distribute Oxycodone, Methadone, and Alprazolam.

Defendants assert that this paragraph "contains multiple material misrepresentations and omissions."  (Doc. #136, pp. 14-19.)  Defendants assert that the Affidavits omit the fact that Green provided assistance in the prosecution of Jason Bergin.  (Id., pp. 15-16.)  Defendants allege that beginning in 2010, Agent

Baginski had solicited and received from Green original or copies of all of the pharmacy's prescriptions and records regarding prescriptions filled by Jason Bergin or his co-defendants. Defendants also assert that Green had been asked by Agent Baginski to identify various photographs; was told he would be a government witness against Bergin; was interviewed by an Assistant U.S. Attorney (AUSA) in preparation for trial; and told the AUSA that he had no independent recollection of Bergin and could not identify his photograph. At the last minute the government decided not to call Green at the Jason Bergin bench trial in March 2011.

Defendants also assert that the pharmacy records Green provided to Agent Baginski in 2010 completely undercut the allegations she attributed to Jason Bergin in the Affidavits about his activities and that of his co-defendants. (Id., pp. 16-19.) This included that Green's records established that the final prescription filled for Bergin was August 1, 2007, whereas the Affidavits referred to "approximately 2009." Additionally, defendants assert that Green's records show that none of the prescriptions were written by a physician from the east coast of Florida, that none of the prescriptions were for Methadone or Alprazolam, and that co-defendants of Jason Bergin either never or seldom had prescriptions filled at the pharmacy.

**(2) Green's Other Cooperation**

Defendants assert that the Affidavits also make "crucial misrepresentations and omissions" about other cooperation provided by Green to Agent Baginski. (Doc. #136, pp. 19-23.) Defendants assert that Green cooperated with Agent Baginski in her investigation and prosecution of Dr. Debra Roggow, but the Affidavits failed to mention the cooperation or that copies of Dr. Roggow's prescriptions "eviscerate" the factual allegations of the Affidavits. While the Affidavits do make reference to Agent Baginski's collection of records from Green in April 2011 (which all parties agree relate to the Dr. Roggow investigation), defendants fault the Affidavits for failing to refer to a prior visit on February 25, 2011, to obtain other records. Dr. Roggow's prescriptions, according to defendants, refute the Affidavit assertions that the pharmacy refused to accept insurance payments for Oxycodone prescriptions and that no fraudulent prescriptions were filled.

Defendants also assert that the Affidavits omit numerous instances when Green cooperated with a number of law enforcement officers and agencies in their various prescription related investigations. (Id., pp. 22-23.) Defendants argue that Agent Baginski "must have been aware" of this cooperation, (id. at 23), but failed to mention it in the Affidavits.

**(3)   Security Detail at Pharmacy**

Defendants argue that another "glaring omission" from the Affidavits is that Green employed a daily policy security detail at the pharmacy premises.  (Doc. #136, pp. 23-25.)  This omitted fact, they argue, somehow undermines Agent Baginski's description of the people and conversations she had while at the pharmacy.

**B.  Court's Analysis**

Assuming that each of defendants' allegations can be supported by facts if an evidentiary hearing were held, the Court is not convinced that there has been a substantial showing of material intentional and knowing or reckless misrepresentations or omissions by the affiant.  All of defendants' arguments depend on the accuracy of the pharmacy records, which the affiant was not obligated to concede.  An affiant is not required to disclose that a suspect in one case has cooperated in another case, or that there is impeachment available as to a source of information.  The existence of a hired security detail certainly lends no support that the affiant's description of her own observations and conversations were not true.

However, even if the Court assumes that defendants have shown knowing and intentional or reckless material misrepresentations or omissions by the affiant, the Affidavits still have ample probable cause once the misrepresentations are stricken and the omissions are added to the Affidavit.

As to each alleged omission, defendants have not carried their burden to show they were entitled to a <u>Franks</u> hearing as to the warrant affidavit. Although defendants argue otherwise at some length, (Doc. #136, pp. 25-30), the Court finds that the Affidavits, even when reformed to meet defendants' objections, set forth a totality of circumstances which allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found in the pharmacies. This is all that is required for a valid search warrant.

Accordingly, it is hereby

**ORDERED:**

Defendants' Joint Motion to Suppress Evidence (Doc. #136) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this <u>3rd</u> day of April, 2014.

*[Signature: John E. Steele]*

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record