UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                         2:12-cr-5-FtM-29DNF

JEFFREY GREEN,
KAREN HEBBLE

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Joint Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial (Doc. #238) (the Initial Motion), filed on May 15, 2014. The Court granted defendants an extension of the time to file their legal memorandum, which was filed on June 23, 2014 (Doc. #255). Defendants filed a Joint Supplement on Newly Discovered Evidence to their Motion for a New Trial, and Incorporated Requests for an Evidentiary Hearing, for Issuance of Rule 17© Subpoenas, and to Compel Production of Documents (Doc. #258) (the Supplemental Motion) on July 7, 2014.[1] The Government filed a Response to the Initial Motion (Doc. #257) on July 3, 2014, and a Response to the Supplemental Motion (Doc. #275) on July 21, 2014.

---

[1] On August 12, 2014, the Court granted defendant Jeffrey R. Green's (Green) motion to withdraw the Supplemental Motion. (Doc. #281.) In that Order, the Court noted that it was unclear if defendant Karen S. Hebble (Hebble) joined in the motion to withdraw, and instructed her to notify the Court if that was her intent. No such notice was filed and, therefore, the Court assumes that Hebble continues to seek relief on the grounds set forth in the Supplemental Motion. Accordingly, the motion to withdraw (Doc. #278) is denied as moot.

Both defendants renew their motions for judgment of acquittal made at the conclusion of the government's case. "After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). The Court views the evidence presented up to that point in the light most favorable to the government and draws all reasonable inferences and credibility choices in the government's favor. United States v. Capers, 708 F.3d 1286, 1296 (11th Cir. 2013). The Court is satisfied that under this standard the motions were properly denied.

Defendants seek a post-verdict judgment of acquittal pursuant to Rule 29(c). The legal principles that apply in deciding a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir.

1989)(internal citations omitted)). See also United States v. Merrill, 513 F.3d 1293, 1299 (11th Cir. 2008).  As discussed previously, the Court views the evidence in the light most favorable to the government.  Capers, 708 F.3d at 1296.

Defendants argue that the evidence presented at trial, even when viewed in the light most favorable to the government, was insufficient to allow a reasonable jury to find defendants guilty beyond a reasonable doubt as to any count.  Applying the legal principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count, and that a reasonable jury could have found defendants guilty beyond a reasonable doubt as to these counts of conviction.

Defendants also maintain that a new trial should be granted in the interest of justice under Fed. R. Crim. P. 33.  "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004).

In the Initial Motion, defendants argue that (1) their motion for severance should have been granted, (2) their motion to suppress and motion *in limine* should have been granted, (3) they should have been given a bill of particulars, (4) all objections

3

which were overruled were erroneous, (5) they should have been granted a mistrial, (6) the credible evidence does not support conviction, and (7) the weight of the evidence is insufficient as to the conspiracy and money laundering counts as to Hebble. The Court finds ample credible evidence to support the convictions of each defendant on all counts, and does not find legal errors or prejudice which would justify a new trial.

The Supplemental Motion also addresses defendants' motion to suppress. Defendants moved to suppress evidence obtained via searches of their businesses, alleging that the affidavits in support of the search warrant applications contained misrepresentations and omissions. The affidavits rely in part on information obtained by DEA Task Force Officer Amber Baginski (Baginski) in an interview with an individual known as Jason Bergin (Bergin). In a recent letter to Green's counsel, Bergin now claims that Baginski never interviewed him. (Doc. #258-1.) Hebble argues that this is evidence that Baginski misrepresented the facts in the affidavit and, therefore, a new trial is required because the motion to suppress would have been granted had the evidence of Baginski's misrepresentations been available at that time. In the alternative, Hebble seeks an evidentiary hearing to determine the veracity of Bergin's contention. However, Bergin's letter is directly contradicted by evidence in the record demonstrating that the interview in question did take place. (Doc. #275, pp. 7-8; Doc. #275-1.) Therefore, the Court finds that Bergin's letter does

not provide a sufficient legal basis for a new trial or for an evidentiary hearing.

Accordingly, it is now

**ORDERED**:

1. Defendants' Joint Motion for Judgment of Acquittal, or, in the Alternative, for a New Trial (Doc. #238) is **DENIED**.

2. Defendants' Joint Supplement on Newly Discovered Evidence to their Motion for a New Trial, and Incorporated Requests for an Evidentiary Hearing, for Issuance of Rule 17(c) Subpoenas, and to Compel Production of Documents (Doc. #258) is **DENIED**.

3. Karen S. Hebble's Motion to Withdraw Motion Based on Newly Discovered Evidence for a New Trial (Doc. #278) is **DENIED as MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of September, 2014.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record