UNITED STATES DISTRICT COURT
                       MIDDLE DISTRICT OF FLORIDA
                          FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:12-cr-5-FtM-29CM

JEFFREY R. GREEN
KAREN HEBBLE

_____

                           **OPINION AND ORDER**

    This matter comes before the Court on defendants' Motion to Reconsider Motion for New Trial (Doc. #298) filed on September 26, 2014. The Government's Response (Doc. #341) was filed on October 10, 2014. Defendants filed a Supplement to Motion to Reconsider Motion for New Trial or to Dismiss this Case for Selective Prosecution (Doc. #342) on October 14, 2014, and a Notice of Submission of Exhibit "G" (Doc. #346) on October 17, 2014. For the reasons set forth below, defendants' motion to reconsider is denied.

    Also before the Court is defendants' Motion for Post Trial Discovery (Doc. #340), filed on October 8, 2014. Also filed were the following: Government's Response (Doc. #347), defendants' Reply (Doc. #348), Government's Supplement to Response (Doc. #350), defendants' Reply (Doc. #351), and defendants' Supplemental Reply (Doc. #360). For the reasons set forth below, defendants' motion for post trial discovery is denied.

    Only a relatively small portion of the motion to reconsider actually seeks reconsideration of a matter raised by defendants in

their previous motion for new trial, and that portion is unpersuasive.  The Court continues to find "ample credible evidence to support the convictions of each defendant on all counts, and does not find legal errors or prejudice which would justify a new trial."  (Doc. #287, p. 4.)

The remainder of the motion to reconsider does not seek reconsideration, but seeks to raise new claims in an untimely manner.  In the Eleventh Circuit, motions for a new trial "are highly disfavored" and "should be granted only with great caution." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006).  A motion for new trial must be filed within fourteen days of the jury verdict when it is based upon any reason other than newly discovered evidence.  Fed. R. Crim. P. 33(b)(2).  A motion for new trial based upon newly discovered evidence must be filed within three years of the jury verdict. Fed. R. Crim. P. 33(b)(1).  To obtain a new trial under Rule 33(b)(1), defendants must establish four elements:  "(1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it would probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of due diligence on the part of the defendant." United States v. Scrushy, 721 F.3d 1288, 1304-05 (11th Cir. 2013) (quoting United States v. Espinosa-Hernandez, 918 F.2d 911, 913 n.5 (11th Cir. 1990)).

Defendants have shown none of the four required elements. None of the allegedly ineffective behavior by Mr. Kukec or Mr. Berman or Mr. Day was discovered recently by defendants, but involved trial conduct then known to defendants. Additionally, Hebble asserts ineffective assistance of counsel claims based upon the conduct of an attorney (Mr. Kukec) who never represented her and owed her no legal obligations. Defendants' supplemental selective prosecution claim may not be raised in a motion for new trial, Scrushy, 721 F.3d at 1305-06, and even if it could be so raised is both legally insufficient and untimely. The belated claims are not properly before the court on a motion to reconsider or a motion for new trial.

Defendants' suggestion that the matter be considered under 28 U.S.C. § 2255 is also without merit. Section 2255 is only applicable to "[a] prisoner in custody under sentence . . . ." 28 U.S.C. § 2255(a). Neither defendant satisfies these criteria.

The Court finds that post trial discovery is not warranted in this case. Defendant has not shown either a discovery violation or ineffective assistance of counsel with regard to the David Massey investigation.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion to Reconsider Motion for New Trial (Doc. #298) is **DENIED.**

   2. Defendants' Motion for Post Trial Discovery (Doc. #340)

      is **DENIED**.

   **DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of December, 2014.

                              _____
                              JOHN E. STEELE
                              UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record