UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:12-cr-5-FtM-29CM

JEFFREY R. GREEN and

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Jeffery
Green's Emergency Motion to Reconsider or Clarify Final Judgment
of Forfeiture (Doc. #420) filed on November 11, 2016. The United
States filed a Response (Doc. #423) on November 22, 2016, to which
defendant filed a Reply (Doc. #424) on November 23, 2016.  The
Court denies the motion to clarify, grants the motion to
reconsider, but after reconsideration finds that the Final
Judgment of Forfeiture is correct and appropriate.

### I.

Defendant Green and his co-defendant Karen S. Hebble were
convicted of multiple drug and money laundering counts charged by
Superseding Indictment (Doc. #89) and after a jury trial.  The
government sought to forfeit, among other items, the entirety of
the real property located at 12900 Eagle Road, Cape Coral, Florida
33909, which was owned by defendant Green and was his residence.
(Doc. #300.)  After hearing arguments prior to the imposition of

sentence, Doc. #403, pp. 201-216, 252; Doc. #404, pp. 4-25, the Court found that only $347,423.56 of the value of the residence should be forfeited to the United States. The Court entered a Preliminary Order of Forfeiture (Doc. #376) finding that $347,423.56 of the value of the residence was forfeited to the United States, with any excess net proceeds not being subject to forfeiture. Defendant Green's January 8, 2015 Judgment in a Criminal Case (Doc. #378) imposed a sentence of 84 months imprisonment, a term of supervised release, a forfeiture money judgment of $4,918,603.36, and the forfeiture of various items identified in the Preliminary Order of Forfeiture, including "[r]eal property, including all improvements thereon and appurtenances thereto, located at 12900 Eagle Road, Cape Coral, Florida 33909. . . ." (Doc. #378, p. 6.) Both defendants filed direct appeals, and their convictions were affirmed on April 7, 2016. United States v. Green, 818 F.3d 1258 (11th Cir. 2016). No issue concerning forfeiture was raised on direct appeal.

On October 20, 2016, the United States filed its Motion for Final Judgment of Forfeiture (Doc. #417) as to defendant Green. The motion set forth post-sentencing activities regarding forfeiture, reported there were no third-party claims except for taxes, and requested a final order forfeiting to the United States $1,253,419.09 which had been seized from an Ironstone Bank account and $347,423.56 of the equity in the real property located at 12900

Eagle Road, Cape Coral, Florida.   Counsel was served via the Court's CM/ECF electronic filing and service system.   On October 31, 2016, the Court received a handwritten response from defendant Green (Doc. #418), essentially objecting to the government's effort to forfeit his family home before he is released from custody.

On November 10, 2016, after the expiration of time to file responses to the government's motion had passed, the Court entered its Final Judgment of Forfeiture (Doc. #419) as to defendant Green. This Final Judgment of Forfeiture "condemned and forfeited" the assets sought to the United States, i.e., the $1,253,419.09 seized from a certain Ironstone Bank account and "$347,423.56 of the equity in the Real property, including all improvements thereon and appurtenances thereto, located at 12900 Eagle Road, Cape Coral, Florida 33909. . . ." (Doc. #419, pp. 1, 2.) The Final Judgment of Forfeiture also states:  "Any remaining net proceeds of the sale of the real property, after the satisfaction of the priorities listed above, up to $347,423.56, shall be forfeited to the United States, and any remaining net proceeds in excess of $347,423.56 will be returned to the defendant."  (Id., p. 3.)   The Final Judgment of Forfeiture further provided that "Clear title to the assets is now vested in the United States of America." (Id.)

**II.**

On November 11, 2016, defendant Green filed his Emergency Motion to Reconsider or Clarify (Doc. #420).  Defendant argues that the entry of the Final Judgment of Forfeiture was the first time it was apparent there would be a complete transfer of the title to the property to the government.  Until the Final Judgment of Forfeiture, defendant argues, he did not know that such a transfer was contemplated.  The gist of defendant's argument, set forth in the Reply (Doc. #424), is:  "Given this Court's intent that Mr. Green only be required to forfeit $347,423.56 of his interest in his familial home, a 40% interest, Mr. Green is still a majority owner and, therefore, sale is inappropriate and would result in an unduly harsh punishment under the Eighth Amendment." (Doc. #424, p. 3.)  Defendant Green asserts that, after he completes his prison sentence, he can obtain a mortgage on the property and pay the government the full amount of the forfeited value.  Defendant asks the Court to reconsider its transfer order and accommodate the procedure he has proposed.

**III.**

The Court rejects the government's argument that the motion for reconsideration is untimely.  The motion was filed one day after entry of the Final Judgment of Forfeiture by a party to the case.  The Court will grant reconsideration.  After considering

the merits of the arguments raised by defendant Green, the Court finds no reason to modify the Final Judgment of Forfeiture.

The relevant forfeiture procedures and principles are well established in the Eleventh Circuit. See, e.g., United States v. Farias, 836 F.3d 1315, 1329-30 (11th Cir. 2016) (citing Fed. R. Crim. P. 32.2); United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014) (same); United States v. Davenport, 668 F.3d 1316, 1320 (11th Cir. 2012) (same). Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. Farias, 836 F.3d at 1329. Pursuant to § 853, any person convicted of certain felony drug offenses must forfeit any property derived from the violation. 21 U.S.C. § 853(a).

If a defendant is convicted of any count upon which criminal forfeiture is sought, the court must, as soon as practical, determine whether the property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(A). Where the Government seeks forfeiture of specific property, the court must determine whether the Government established the requisite nexus between the property and the offense of conviction. Id. Once this determination has been made, the Court must promptly enter a preliminary order of forfeiture without regard to any third party's interest in the property. Fed. R. Crim. P. 32.2(b)(2)(A). Farias, 836 F.3d at 1329.

With respect to the defendant (as opposed to third-party claimants), the preliminary order of forfeiture become final at sentencing.  See Fed. R. Crim. P. 32.2(b)(4)(A).  See also Farias, 836 F.3d at 1329-30; United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002); United States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001).  Thus, defendant's time to file an appeal from a criminal forfeiture order begins to run when the judgment is entered.  Fed. R. Crim. P. 32.2(b)(4)(C);  Flanders, 752 F.3d at 1343.  Defendant can raise any challenge to the preliminary order of forfeiture in his direct appeal.  Flanders, 752 F.3d at 1343.

The entry of a preliminary order of forfeiture authorizes the Attorney General to (1) seize the specific property subject to forfeiture and (2) commence ancillary proceedings regarding third-party rights.  Fed. R. Crim. P. 32.2(b)(3); see also Davenport, 668 F.3d at 1319; Petrie, 302 F.3d at 1284.  Even before the Court determines claims by third parties, the government may seek an interlocutory sale of the forfeited property.  Fed. R. Crim. P. 32.2(b)(7).

As to third parties, following the entry of a preliminary order of forfeiture, the government must publish notice of its intent to dispose of the property and provide direct written notice to any person known to have an alleged interest in the property to the extent practicable.  21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).  A third party has 30 days after the final publication

of notice to petition the court for a hearing to adjudicate the validity of his or her interest in the property.   21 U.S.C. § 853(n)(2).

At the conclusion of the ancillary proceeding, the court "must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights."   Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, "the preliminary order [of forfeiture] becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute."   Id.   At this point, the United States receives clear title to the property. 21 U.S.C. § 853(n)(7); United States v. Chavous, 654 F. App'x 998, 1000 (11th Cir. 2016).   Because the final order of forfeiture has no bearing on the defendant's rights, the defendant has no right to appeal that order.   United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014); United States v. Soreide, 522 F. App'x 516, 518 (11th Cir. 2013).

Defendant Green's interest in the residence up to $347,423.56 was forfeited by the Preliminary Order of Forfeiture, and this forfeiture was also reflected in the Criminal Judgment. Forfeiture of the residence value up to that amount became final as to Green as of sentencing.   Nothing in the Court's oral findings or written orders suggested that there would be any sort of stay on the government's legal ability to exercise its rights to the

forfeited property while defendant was incarcerated, or that the residence would not be sold in order to obtain funds to satisfy the amount of the forfeiture.  Indeed, the discussion of "net proceeds" and "remaining net proceeds" to defendant clearly recognized that sale of the residence was contemplated.  While the government did not have clear title until going through the third-party claims process, it did have all of defendant Green's interest as of entry of the Preliminary Order of Forfeiture and Criminal Judgment.  Defendant Green could have appealed the forfeiture, but did not.  Defendant Green cannot now challenge the forfeiture.

Contrary to defendants' arguments, the Court did not at sentencing find that forfeiture of the entire residence would be excessive.  The Court found that forfeiture of the residence was appropriate up to the $347,423.56 amount; forfeiture of any value above that amount would be excessive.  In entering the Final Judgment of Forfeiture, the Court did not overlook its prior focus on the dollar amount limitation.  Indeed, the final judgment clearly retained that value limitation.

Accordingly, it is hereby

**ORDERED:**

Defendants' Emergency Motion to Reconsider or Clarify Final Judgment of Forfeiture (Doc. #420) is **GRANTED** to the extent that the Court will reconsider the Final Judgment of Forfeiture, and it otherwise **DENIED.**  Having reconsidered the matter, the Court finds

no basis to modify the Final Judgment of Forfeiture, which will remain as filed.

**DONE and ORDERED** at Fort Myers, Florida, this   17th   day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record