UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:12-cr-5-FtM-29CM

JEFFREY R. GREEN

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's Petition For Writ of Error Coram Nobis (Doc. #426) filed on January 11, 2017. Because it apparent on its face that the Petition must be denied, the Court does not wait for a response from the government.

Defendant Jeffery Green (petitioner or Green) seeks to vacate the Final Order of Forfeiture (Doc. #419) filed on November 10, 2016. The Court has summarized the procedural history and relevant facts in this case in a contemporaneous Opinion and Order addressing defendant's Emergency Motion to Reconsider or Clarify Final Judgment of Forfeiture, which it will adopt without repeating.

Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). Procedurally, the request for the writ is filed as a motion in the criminal case, not as a separate civil action. United States v. Morgan, 346 U.S. 502, 505 n.4 (1954). Whether to grant a writ of coram nobis is committed

to the sound discretion of the district court.  <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000).

The authority to grant a writ of coram nobis is, however, extremely limited.  A writ of coram nobis "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice."  <u>Mills</u>, 221 F.3d at 1203; <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998); <u>United States v. Swindall</u>, 107 F.3d 831, 834 (11th Cir. 1997); <u>Lowery v. United States</u>, 956 F.2d 227, 228 (11th Cir. 1992).  The standard for coram nobis relief is high, with the Court's jurisdiction being limited to review of errors of fact of the most fundamental character when no other remedy is available or adequate.  <u>United States v. Addonizio</u>, 442 U.S. 178, 186 (1979); <u>Mills</u>, 221 F.3d at 1203-04; <u>Lowery</u>, 956 F.2d at 228-29.  To be entitled to a writ of coram nobis, petitioner must show: (1) he was not in custody at the time he filed the petition, <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002); <u>United States v. Garcia</u>, 181 F.3d 1274, 1274-75 (11th Cir. 1999); <u>United States v. Brown</u>, 117 F.3d 471, 475 (11th Cir. 1997); (2) there is and was no other available and adequate avenue of relief, <u>Alikhani</u>, 200 F.3d at 734; <u>Mills</u>, 221 F.3d at 1204; (3) the error alleged "involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid," <u>Alikhani</u>, 200 F.3d at 734 (quoting <u>Moody v. United States</u>, 874 F.2d 1575, 1576-77 (11th Cir. 1989));

and (4) there are sound reasons for failing to seek relief earlier, Mills, 221 F.3d at 1204.

Petitioner Green fails to satisfy any of the requirements. It is undisputed that Green is still in custody.  It is also clear that Green could have filed a direct appeal of the Preliminary Order of Forfeiture and the Criminal Judgment relating to the forfeiture.  United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014).  While the issue is undoubtedly important to Green, it does not "involve a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." Alikhani, 200 F.3d at 734.  Finally, given the well-established law concerning forfeiture principles and procedures in the Eleventh Circuit, petitioner has failed to articulate sound reasons for failing to seek relief earlier.

Accordingly, it is hereby

**ORDERED:**

Defendant's Petition For Writ of Error Coram Nobis (Doc. #426) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record

- 3 -