```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF FLORIDA
      FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                         CASE NO: 2:12-cr-5-FtM-29CM

JEFFREY R. GREEN
_____

**OPINION AND ORDER**

This matter comes before the Court on the government's Motion for Preliminary Order of Forfeiture For Substitute Asset and For an Order of Eviction (Doc. #437) filed on July 31, 2017. Defendant Jeffery Green (defendant or Green) filed a Response in Opposition (Doc. #439) on August 2, 2017, to which the government filed a Reply (Doc. #442) on August 21, 2017. Defendant filed a Sur-Reply (Doc. #445) on August 24, 2017. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

After a jury trial, Green and his co-defendant, Karen S. Hebble, were convicted of multiple drug and money laundering counts charged by Superseding Indictment (Doc. #89). The government sought a forfeiture money judgment in excess of $4.9 million and forfeiture of, among other items, the entirety of the real property located at 12900 Eagle Road, Cape Coral, Florida 33909 (the Property). The government claimed the Property was "proceeds" of Green's unlawful conduct. (Doc. #300.) Green is the sole owner of the Property, which served as his residence.

On January 6, 2015, after hearing arguments prior to the imposition of sentence, the Court found that only $347,423.56 of the value of the residence should be forfeited to the United States as property constituting, or derived from, any proceeds Green obtained as the result of his unlawful conduct. (Doc. #403, pp. 201-216, 252; Doc. #404, pp. 4-25.)

On January 8, 2015, the Court entered a Preliminary Order of Forfeiture (Doc. #376) as to Green, finding that $347,423.56 of the value of the Property was forfeited to the United States, with any excess net proceeds not subject to forfeiture as such criminal proceeds. That same day, the Court entered a Forfeiture Money Judgment (Doc. #377) as to both defendants in the amount of $4,918,603.36, which "represents the amount of proceeds the defendants obtained as a result of the offense of conviction in Count One of the Superseding Indictment." (Doc. #377, p. 3.) The Court retained jurisdiction over the forfeiture and for any future disposition of substitute assets. (Id.)

Defendant Green's January 8, 2015 Judgment in a Criminal Case (Doc. #378) imposed a sentence of 84 months imprisonment, a term of supervised release, a forfeiture money judgment of $4,918,603.36, and the forfeiture of various items identified in the Preliminary Order of Forfeiture, including "[r]eal property, including all improvements thereon and appurtenances thereto,

located at 12900 Eagle Road, Cape Coral, Florida 33909." (Id. p. 6.)

Both defendants filed direct appeals, and the Eleventh Circuit affirmed their convictions on April 7, 2016. United States v. Green, 818 F.3d 1258 (11th Cir. 2016).

On October 20, 2016, the United States filed its Motion for Final Judgment of Forfeiture (Doc. #417) as to Green. The motion set forth post-sentencing activities regarding forfeiture, reported that there were no third-party claims except for taxes, and requested a final order forfeiting $1,253,419.09 to the United States, which amount had been seized from an Ironstone Bank account, and $347,423.56 of the equity in the Property. On October 31, 2016, the Court received a handwritten response from defendant Green (Doc. #418), essentially objecting to the government's effort to forfeit his family home before his release from prison.

On November 10, 2016, the Court entered its Final Judgment of Forfeiture (Doc. #419) as to defendant Green. This Final Judgment of Forfeiture "condemned and forfeited" the assets sought to the United States, i.e., the $1,253,419.09 seized from a certain Ironstone Bank account and "$347,423.56 of the equity in the Real property, including all improvements thereon and appurtenances thereto, located at 12900 Eagle Road, Cape Coral, Florida 33909." (Id. pp. 1, 2.) The Final Judgment of Forfeiture also ordered that "[a]ny remaining net proceeds of the sale of the real

property, after the satisfaction of the priorities listed above, up to $347,423.56, shall be forfeited to the United States, and any remaining net proceeds in excess of $347,423.56 will be returned to the defendant." (Id. p. 3.) The Final Judgment of Forfeiture further provided that "Clear title to the assets is now vested in the United States of America." (Id.)

On November 11, 2016, defendant Green filed an Emergency Motion to Reconsider or Clarify (Doc. #420). Green argued that the Court's entry of the Final Judgment of Forfeiture was the first time it was apparent that – despite the Court's prior order of forfeiture of only $347,423.56 of the value of the Property – there would in fact be a complete transfer of Green's title in the Property to the government. The gist of defendant's basis for reconsideration, as set forth in the Reply (Doc. #424) to the government's response (Doc. #423), was as follows: "Given this Court's intent that Mr. Green only be required to forfeit $347,423.56 of his interest in his familial home, a 40% interest, Mr. Green is still a majority owner and, therefore, sale is inappropriate and would result in an unduly harsh punishment under the Eighth Amendment." (Doc. #424, p. 3.) Defendant Green asserted that, after he completed his prison sentence, he could obtain a mortgage on the Property and pay the government the full amount of its forfeited value in the Property.

The Court denied defendant's motion for reconsideration in an Opinion and Order filed on January 17, 2017. The Court found that

> [t]he relevant forfeiture procedures and principles are well established in the Eleventh Circuit. See, e.g., United States v. Farias, 836 F.3d 1315, 1329-30 (11th Cir. 2016) (citing Fed. R. Crim. P. 32.2); United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014) (same); United States v. Davenport, 668 F.3d 1316, 1320 (11th Cir. 2012) (same). Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. Farias, 836 F.3d at 1329. Pursuant to § 853, any person convicted of certain felony drug offenses must forfeit any property derived from the violation. 21 U.S.C. § 853(a).
>
> If a defendant is convicted of any count upon which criminal forfeiture is sought, the court must, as soon as practical, determine whether the property is subject to forfeiture. Fed. R. Crim. P. 32.2(b)(1)(A). Where the Government seeks forfeiture of specific property, the court must determine whether the Government established the requisite nexus between the property and the offense of conviction. Id. Once this determination has been made, the Court must promptly enter a preliminary order of forfeiture without regard to any third party's interest in the property. Fed. R. Crim. P. 32.2(b)(2)(A). Farias, 836 F.3d at 1329.
>
> With respect to the defendant (as opposed to third-party claimants), the preliminary order of forfeiture become[s] final at sentencing. See Fed. R. Crim. P. 32.2(b)(4)(A). See also Farias, 836 F.3d at 1329–30; United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002); United States v. Gilbert, 244 F.3d 888, 924 (11th Cir. 2001). Thus, defendant's time to file an appeal from a criminal forfeiture order begins to run when the judgment is entered. Fed. R. Crim. P. 32.2(b)(4)(C); Flanders, 752 F.3d at 1343. Defendant can

raise any challenge to the preliminary order of forfeiture in his direct appeal. Flanders, 752 F.3d at 1343.

The entry of a preliminary order of forfeiture authorizes the Attorney General to (1) seize the specific property subject to forfeiture and (2) commence ancillary proceedings regarding third-party rights. Fed. R. Crim. P. 32.2(b)(3); see also Davenport, 668 F.3d at 1319; Petrie, 302 F.3d at 1284. Even before the Court determines claims by third parties, the government may seek an interlocutory sale of the forfeited property. Fed. R. Crim. P. 32.2(b)(7).

As to third parties, following the entry of a preliminary order of forfeiture, the government must publish notice of its intent to dispose of the property and provide direct written notice to any person known to have an alleged interest in the property to the extent practicable. 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6). A third party has 30 days after the final publication of notice to petition the court for a hearing to adjudicate the validity of his or her interest in the property. 21 U.S.C. § 853(n)(2).

At the conclusion of the ancillary proceeding, the court "must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, "the preliminary order [of forfeiture] becomes the final order of forfeiture if the court finds that the defendant . . . had an interest in the property that is forfeitable under the applicable statute." Id. At this point, the United States receives clear title to the property. 21 U.S.C. § 853(n)(7); United States v. Chavous, 654 F. App'x 998, 1000 (11th Cir. 2016). Because the final order of forfeiture has no bearing on the defendant's rights, the defendant has no right to appeal that order. United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014); United States v. Soreide, 522 F. App'x 516, 518 (11th Cir. 2013).

> Defendant Green's interest in the residence up to $347,423.56 was forfeited by the Preliminary Order of Forfeiture, and this forfeiture was also reflected in the Criminal Judgment. Forfeiture of the residence value up to that amount became final as to Green as of sentencing. Nothing in the Court's oral findings or written orders suggested that there would be any sort of stay on the government's legal ability to exercise its rights to the forfeited property while defendant was incarcerated, or that the residence would not be sold in order to obtain funds to satisfy the amount of the forfeiture. Indeed, the discussion of "net proceeds" and "remaining net proceeds" to defendant clearly recognized that sale of the residence was contemplated. While the government did not have clear title until going through the third-party claims process, it did have all of defendant Green's interest as of entry of the Preliminary Order of Forfeiture and Criminal Judgment. Defendant Green could have appealed the forfeiture, but did not. Defendant Green cannot now challenge the forfeiture.
>
> Contrary to defendants' arguments, the Court did not at sentencing find that forfeiture of the entire residence would be excessive. The Court found that forfeiture of the residence was appropriate up to the $347,423.56 amount; forfeiture of any value _above_ that amount would be excessive. In entering the Final Judgment of Forfeiture, the Court did not overlook its prior focus on the dollar amount limitation. Indeed, the final judgment clearly retained that value limitation.

(Doc. #430, pp. 5-8.) However, the Court denied the government's Motion for a Writ of Assistance and Order of Eviction (Doc. #433). On July 6, 2017, the Court denied defendant's Motion to Stay the sale of the property (Doc. #436). The sale has, it seems, not yet occurred.

**II.**

The government now moves under 21 U.S.C. § 583(p) for forfeiture of the remainder of any net proceeds of the sale of the Property (i.e., any proceeds in excess of $347,423.56) as a "substitute asset," up to the value of the unsatisfied portion of the Forfeiture Money Judgment, which totals $3,008,939.65. The government also renews its request for an order evicting the current occupant of the Property, contending that the Court has jurisdiction to order the eviction and no reason not to do so.

Defendant opposes both requests. As to the forfeiture request, defendant argues that: (i) the Court's prior order already limits the government's interest in the Property to $347,423.56 and that any additional amount would be excessive, and (ii) that defendant can pay the amount of the forfeiture associated with the Property ($347,423.56) through a commercial loan, negating the need to forfeit the remainder of the Property's value as a substitute asset. Defendant additionally argues that evicting him from his home and requiring him to forfeit all proceeds from the sale of the Property would be an "excessive" penalty and a "cruel and unusual punishment."[1]

---

[1] Defendant Green claims that "[t]here are family pets still living at the residence and the Greens want to have a home to return to and their pets when released which, for Karen Hebble will not be too much longer." (Doc. #439, p. 7.)

**A.    The Court's Prior Orders**

Nothing in the Court's prior orders precludes the government's request to use the remainder of the Property's value as a substitute asset.  The Court was not called upon, and did not, make any determination on whether the remaining value of the Property could be forfeited as a substitute asset to satisfy any outstanding forfeiture amount.  The Court merely determined that the portion of the Property forfeitable under 21 U.S.C. § 853(a)(1) had a value of $347,423.56, and, consequently, that "any net proceeds in excess of $347,423.56 from the disposition of the [Property were] not subject to forfeiture **as property involved in [Green's crimes]**."  (Doc. #376, p. 3 (emphasis added).)  However, the Court specifically retained jurisdiction "to enter any further order necessary for the forfeiture and disposition of any property belonging to the defendant, which the United States is entitled to seek as substitute assets under 21 U.S.C. § 853(p)."  (Doc. #377, p. 3.)  In sum, other than holding that any value of the Property in excess of $347,423.56 was not forfeitable as criminal proceeds, the Court's prior orders do not impact the merits of the current dispute.

**B.    Forfeiture of the Remaining Value of the Property as a Substitute Asset**

"Criminal forfeiture statutes empower the Government to confiscate property derived from or used to facilitate criminal activity."   Honeycutt v. United States, 137 S. Ct. 1626, 1631

(2017). More specifically, a criminal defendant must forfeit to the United States "'any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of' certain drug crimes." Id. at 1630 (quoting 21 U.S.C. § 583(a)(1)). As this language indicates, Section 853(a)(1) "limits forfeiture . . . to tainted property." Id. at 1632. Stated differently, forfeiture is generally appropriate only for property that has a "nexus" to the offense(s) of conviction. In re Rothstein, Rosenfeldt, Adler, P.A., 717 F.3d 1205, 1212 (11th Cir. 2013); Fed. R. Crim. P. 32.2(b)(1)(A).

Recognizing, however, that "a defendant may succeed in avoiding the forfeiture sanction simply by transferring his assets to another person or taking other actions to render his forfeitable property unavailable at the time of conviction," Congress included a provision allowing forfeiture of property not tainted by the defendant's drug crimes, i.e. "substitute property," upon a requisite showing by the government. United States v. Fleet, 498 F.3d 1225, 1230 (11th Cir. 2007) (quoting S. REP. 98-225, 201, 1984 U.S.C.C.A.N. 3182, 3384 (1983)). Specifically, under Section 583(p), a court "shall order the forfeiture of any other property of the defendant" up to the value of the forfeiture, if the government shows that: (i) "as a result of any act or omission of the defendant," (ii) property that has been adjudged subject to criminal forfeiture pursuant to 21 U.S.C. § 853(a) (i.e. tainted

- 10 -

property) is (iii) not available to seize for one of the following five reasons: (1) it "cannot be located upon the exercise of due diligence,"; (2) it "has been transferred or sold to, or deposited with, a third party"; (3) it "has been placed beyond the jurisdiction of the court"; (4) it "has been substantially diminished in value"; or (5) it "has been commingled with other property which cannot be divided without difficulty."  21 U.S.C. § 853(p)(1).  "Only if the Government can prove that one of these five conditions was caused by the defendant may it seize 'any other property of the defendant, up to the value of' the tainted property — rather than the tainted property itself."  Honeycutt, 137 S. Ct. at 1634 (2017)

Here, the government has submitted the Affidavit of Detective Joseph Craig (Doc. #437-1) in support of its request to seize the remainder of the value of the Property as substitute property. Detective Craig states that the government has been able to recover only $1,909,663.71 in net proceeds to date, leaving a current balance on the Forfeiture Money Judgment of $3,008,939.65.  (Id. ¶ 3.)  Detective Craig avers that he has exercised due diligence to attempt to recover that balance (id. ¶ 4), but he has been unable to do so because Green spent or otherwise disposed of the remaining proceeds from his criminal activity on various items, including jewelry, vacations, and a luxury vehicle.  (Id. ¶ 7.) This Affidavit is not challenged by Green, and the Court finds

that it satisfies the government's burden under subsection (p). United States v. Seher, 562 F.3d 1344, 1373 (11th Cir. 2009); United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999).

Green nevertheless seeks to block the government's attempt to forfeit the remaining value of the Property, arguing primarily that such forfeiture is excessive and unfair, particularly since he can obtain a commercial loan equal to that amount to pay the government and simultaneously keep his residence. As an initial matter, the Court notes that even if Green were able to obtain a loan for the remaining value of the Property, there will still be a significant balance on the Forfeiture Money Judgment - likely in excess of $2,000,000.00 – for which substitute assets may be forfeited.

Moreover, the Court's discretion to even consider this loan alternative appears foreclosed by United States v. Fleet, 498 F.3d 1225 (11th Cir. 2007). In that case, the defendant was convicted of money laundering and ordered to forfeit $295,000.00 but did not have sufficient funds to do so. The government moved under Section 853(p) for an order of forfeiture of substitute property - specifically, the defendant's interest in his house, which he jointly owned as tenants in the entirety with his wife (who was not involved with the money laundering), and three vehicles. The district court ordered forfeiture of the proposed substitute property.

On appeal, the defendant argued that his interest in the house could not be forfeited as a substitute asset because Florida protects from forced sale homestead property and property owned by a husband and wife as tenants in the entirety. The Eleventh Circuit rejected this argument, instead concluding that "where the forfeiture of substitute property is concerned, 21 U.S.C. § 853(p) preempts Florida's homestead exemption and tenancy by the entireties laws." Id. at 1232. The Court based its conclusion that "the criminal forfeiture statue . . . contains no innocent owner exception," id. at 1231, on the all-encompassing language of the forfeiture provision itself:

> In describing the substitute property that may be forfeited, Congress spoke broadly in commanding that "the court shall order the forfeiture of any other property of the defendant." "The word 'shall' does not convey discretion. It is not a leeway word," but a word of command. The word "any" is not susceptible to fudging either. As the Supreme Court and this Court have said on numerous occasions, "any" is a powerful and broad word. It does not mean some or all but a few, but instead means all.

Id. at 1229 (quoting 21 U.S.C. § 853(p) and citing United States v. Quirante, 486 F.3d 1273, 1275 (11th Cir.2007)). As a result, "[t]he fact that the innocent spouse, even though she retains her property interest, may be adversely affected by the forfeiture of her guilty mate's interest is no bar to forfeiture of his interest." Fleet, 498 F.3d at 1232; see also United States v.

Dorman, 38 F. Supp. 3d 1328, 1330 (M.D. Fla. 2014), aff'd, 603 F. App'x 844 (11th Cir. 2015).

If a joint interest in residential property does not protect that property from forced sale, and if a sale of that property does not violate the Eighth Amendment, then surely neither will the fact that the sole-owner criminal defendant simply wants to return to his home and his pets after release from prison. See United States v. 817 N.E. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304, 1311 (11th Cir. 1999) (rejecting the argument that the "special hardship" imposed by the forfeiture of the defendant's personal residence was relevant to whether the forfeiture was "excessive"); see also United States v. Johnson, 677 F. App'x 912, 916 (5th Cir. 2017) (finding equitable considerations regarding the defendant's future intended use of the property immaterial to whether the government is entitled to obtain substitute forfeiture). As such, this Court "shall order the forfeiture" of the remaining value of the real property located at 12900 Eagle Road, Cape Coral, Florida 33909, pursuant to 21 U.S.C. § 583(p).

The government's requested order of eviction will, however, be denied. The Court does not dispute its authority under 21 U.S.C. § 853(g) to issue an eviction order.[2] But, as stated

---

[2] "Following entry of an order declaring the property forfeited, the court may, upon application of the United States, enter such appropriate restraining orders or injunctions[] . . . or take any other action to protect the interest of the United States in the property ordered forfeited." 21 U.S.C. § 853(g).

previously, "the Court finds no reason to conduct an eviction proceeding as part of this criminal case." (Doc. #433.)

Accordingly, it is hereby

**ORDERED:**

The government's Motion For Preliminary Order of Forfeiture for Substitute Asset and For an Order of Eviction (Doc. #437) is **GRANTED IN PART AND DENIED IN PART.** The motion for preliminary order of forfeiture of substitute asset is **GRANTED.** The Motion for an Order of Eviction is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 17th day of January, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record